UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA E. GONZALES,

        Plaintiff,        CIVIL ACTION NO.  08-CV-14600

 VS.        DISTRICT JUDGE MARIANNE O. BATTANI

DETROIT ROBIN, INC.        MAGISTRATE JUDGE MONA K. MAJZOUB
ET AL.,

        Defendant.
                             /

**<u>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS (DOCKET NO. 46) AND DENYING DEFENDANTS' EX-PARTE MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS (DOCKET NO. 58)</u>**

This matter comes before the Court on Plaintiff's Motion to Compel Answers To Interrogatories and Production Of Documents filed on September 1, 2009.  (Docket no. 46). Defendants filed a Response Brief In Opposition To Plaintiff's Motion To Compel Answers To Interrogatories and Production Of Documents on September 16, 2009. (Docket no. 49).  The parties filed a Joint Statement Of Resolved/Unresolved Issues Regarding Plaintiff Gonzalez's Motion To Compel Answers To Interrogatories and Production Of Documents on September 23, 2009.  (Docket no. 53).  This matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no.47).  The parties' counsel appeared for hearing on October 7, 2009. The matter is now ready for ruling.

On October 8, 2009, following the hearing, Defendants filed an Ex-Parte Motion For Leave To File Supplemental Response Brief In Opposition To Plaintiff's Motion To Compel Answers To Interrogatories And Production Of Documents.  (Docket no. 58).  Rule 15(d), Fed. R. Civ. P.,

provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The Defendants' motion does not set forth a transaction, occurrence or event that happened after it filed its response in opposition to Plaintiff's motion. The supplemental responses which Defendants allege they served were served on July 2, 2009, also prior to Defendants filing their response brief. The substance of Defendants' Motion to Supplement and the Supplementation itself appear to be Defendants' further clarification of their responses to inquiries made by the Court at the hearing. The Court finds no legal reason to allow Defendants' supplementation. Any substantive issues raised by the supplementation are already addressed within the context of this Order, based on the parties' pleadings and the information obtained at the hearing. The Court will deny Defendants' Ex-Parte Motion For Leave To File Supplemental Response (docket no. 58).

Plaintiff seeks to compel answers to interrogatories and responses to requests to produce served on May 9, 2009. (Docket no. 46). This is Plaintiff's second Motion to Compel entertained by this Court regarding this set of discovery. Defendants produced some responses and documents on the day of the prior hearing, which went forward as scheduled on July 6, 2009. At that time, the Court denied in part as moot Plaintiff's Motion to Compel as to the interrogatories and addressed issues related to depositions. Plaintiff now argues that Defendants ultimately produced inadequate answers and documents in response to Interrogatory Nos. 6, 11 and 12 and their related Requests to Produce Nos. 9, 13 and 14[1].

---

[1]In substance, Plaintiff described Request for Production Nos. 9, 13 and 14. In the Joint Statement the Requests were mistakenly identified as Nos. 9, 16 and 17. In the briefs and at the hearing the parties addressed the substance of Request Nos. 9, 13 and 14 and the Court will

**A.      Defendants' Argument That Plaintiff's Motion and Discovery Were Untimely**

As an initial matter, Defendants argue that Plaintiff waived these discovery issues because Plaintiff failed to file her motion to compel prior to the July 15, 2009 close of discovery and the dispositive motion deadline was August 14, 2009. (Docket nos. 20 and 49 at 3 of 13). Defendants rely on *Suntrust Bank v. Blue Water Fiber, L.P.*, for the premise that "[a] district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery." *See Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 199 (E.D. Mich. 2002). "While Plaintiff is correct that there is no authority that automatically precludes the filing of a motion to compel discovery after the close of discovery and after the filing of dispositive motions-indeed, it is within the discretion of the court . . . ." *Id*. at 199. In *Suntrust Bank*, the discovery motion was not only filed after the filing of dispositive motions, as here, but it was also filed eighteen months after the close of discovery.

The Court will not deny Plaintiff's motion on the basis of waiver or untimeliness. Plaintiff has shown that her counsel continued to engage in efforts to resolve these issues for the period of time prior to the close of discovery and preceding the filing of her motion and the record does not show that she or her counsel waived the issues which she raises in her motion. It appears that both parties continued to work through discovery issues into early September[2]. Although not dispositive of the issue, the Court also notes that the scheduling order in this matter did not set forth a deadline

---

consider those herein.

   [2] For example, Defendants included with their response a letter dated September 9, 2009, which references an August 21, 2009 conference call, further responds to Plaintiff's requests and references amended responses which Plaintiff agreed to provide in response to Defendants' discovery requests.

3

for the filing of discovery motions. Plaintiff has shown good cause for the Court to entertain her motion to compel on the merits, despite its being filed after the "discovery cutoff." Fed. R. Civ. P. 16(b)(4)[3]. **B.  Interrogatory Nos. 6, 11 and 12 and Accompanying Requests To Produce**

Plaintiff seeks to compel answers to Interrogatory Nos. 6, 11 and 12 and Request to Produce Nos. 9, 13 and 14. The Interrogatories at issue are set forth below and the issues raised are common to each of the Interrogatories and Requests To Produce at issue.

> **Interrogatory No. 6:**  With respect to each and every person hired by Detroit Red Robin, Inc. between 2000-July 2009, please:
> (a) State the name, business address and telephone number of the Employee.
> (b) Employees (sic) date of birth, gender and nationality/legal status.
> (c) The type of paperwork Defendants received to establish eligibility to work in the United States; and
> (d) Identify all employees who were terminated for failure to provide documentation on eligibility to work in the United States.
>
> **Interrogatory No. 11:** For each and every employee who worked at the Detroit Red Robin location that employed Plaintiff between 2000-July 2009:
> (a) State the name, business address and telephone number of the Employee.
> (b) Employees (sic) date of birth, gender and nationality/legal status.
> (c) Employees (sic) position/work classification; and
> (d) Employees (sic) rate of pay- from starting pay to current pay or pay when employee last worked for Detroit Red Robin, Inc.
>
> **Interrogatory No. 12:** For each and every employee terminated by Detroit Red Robin between 2000-July 2009:
> (a) State the name, last known business address and telephone number of the Employee.
> (b) Employee date of birth, gender and nationality/legal status.
> (c) Dates of termination; and
> (d) Reasons for termination.

---

[3] Defendants also make cursory allegations that Plaintiff's discovery requests themselves are untimely. Plaintiff served the requests and interrogatories at issue on May 9, 2009. The most recent scheduling order indicates that the discovery cutoff was July 15, 2009. Although this scheduling order was entered after Plaintiff served the May 9 discovery, the Court will not revisit this issue where the current scheduling order allows for timely the completion of Plaintiff's May 9, 2009 discovery requests.

Requests to Produce Nos. 9, 13 and 14 ask Defendants to produce "all documents supporting your answer to" Interrogatories 6, 11 and 12, respectively. (Docket no. 46-3).

Defendants argue that the scope of Plaintiff's requests and interrogatories should be limited to those employees "similarly situated" to Plaintiff, which Defendant defines as those employees who were supervised by Mr. Lovse. Similarly, Defendants purport to limit the scope in time to the time from 2006 forward, when Mr. Lovse started working for Detroit Red Robin. Defendants also argue that the employment histories are irrelevant.

"[E]mployment context is relevant to a charge of employment discrimination . . . ." E.E.O.C. v. Ford Motor Co., 26 F.3d 44, 47 (6th Cir. 1994). Plaintiff started her employment in December 2000 and has asked for information from 2000 forward. At the hearing, Plaintiff's counsel agreed to limit the scope in time from 2005 to July 2009. Plaintiff further limited the Interrogatories and Requests To Produce to only a single location where Plaintiff was employed, the restaurant on Ford Road in Dearborn, Michigan. Finally, Plaintiff's counsel stated that he was only seeking information and documents relating to non-management employees. Questioning the parties' counsel revealed that this limited the discovery requests to approximately forty individuals overall. Defendants have not shown that this scope in time and the limitation to non-management employees at a single restaurant location are overly broad. Their argument that the scope in time should be limited to the single supervisor Mr. Lovse is not persuasive. Fed. R. Civ. P. 26(b)(2)(C). The Court finds that these limitations to time, geographic location and non-management employees are both relevant and reasonable. Fed. R. Civ. P. 26(b)(1) and (2)(C). The Court will order that the Interrogatories and Requests To Produce at issue be limited in this manner and will order Defendants to produce all responsive documents including the I-9s.

Plaintiff also argues that Defendants failed to provide copies of documents which support the information on the I-9s, including driver's licenses or social security cards, as requested by Interrogatory No. 6 and Request To Produce No. 9 and to the extent they were produced Defendants redacted some information including social security numbers, driver's license addresses and phone numbers.

The Court notes that Plaintiff did not ask for "last known address", but asked for the "business address" and/or "last known business address" and "telephone number of the Employee." The Court will not re-write Plaintiff's discovery requests. It became clear at the hearing, however, that Defendants had produced responsive records and documents with employee addresses and contact information redacted. Defendants have cited no legal authority for this position or otherwise moved to protect the responsive information. Defendants' counsel cited "general notions of privacy" with respect to the personally identifiable information of third parties.

"[I]n a federal civil rights action, federal law controls what evidence is privileged and discoverable. . . . It also is well settled that under federal law there exists no general privilege for personnel files. . . ." *See Watts v. Kimmerly*, 1996 U.S. Dist. LEXIS 6203 at *8 (W.D. Mich. Apr. 12, 1996) (citations omitted). The Court will order Defendants to answer the interrogatories in full and produce all responsive documents without redaction of contact information within the scope of time, title and restaurant location set forth above. As set forth above, Defendants must produce unredacted addresses and phone numbers as they appear on the responsive documents and records.

While the requested, responsive documents and records *containing* social security numbers are relevant, including copies of social security cards, Plaintiff has not shown that the social security numbers themselves are relevant. Rule 26(b)(1) allows "discovery regarding any non-privileged

matter that is relevant to any party's claim or defenses," or for good cause, "discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Social security numbers, however, are "of a highly personal and confidential nature." *See generally Jackson v. Papa John's USA, Inc.*, 2009 WL 1011105 at *2 (N.D. Ohio Apr. 15, 2009). The Social Security numbers merit protection in any disclosure which might be ordered.

Plaintiff's counsel argued at the hearing that the social security numbers are relevant to his argument that Defendants' reason for terminating Plaintiff's employment on the basis of an expired green card was pretextual. Plaintiff's counsel further stated on the record that he had a list of social security numbers associated with Defendants' payroll and upon checking with the Social Security Administration, a high percentage of the social security numbers were invalid. Defendants' counsel argued that the employer has no obligation to check the validity of social security numbers provided by employees.

The Court does not find Plaintiff's relevance argument persuasive. Although neither party briefed the issue, the Court finds some legal support for Defendants' argument that an employer does not have an affirmative duty to routinely check the validity of an employee's social security number. *See generally Romero-Vargas v. Shalala*, 907 F. Supp. 1128 (N.D. Ohio Dec. 12, 1995) (The plaintiffs brought claims for statutory damages against the Secretary of Health and Human Services where a clerk disclosed plaintiffs' social security number information over the phone to their employer, confirming positive matches, mismatches and matches with dead people or children. Under the Privacy Act of 1974, "[t]he only routine uses for which employer can obtain that information [disclosure of Social Security number information] are in order for the employer to comply with FICA, or to correct employee earnings records." *Id.* at 1134.); and 8 C.F.R. §

274a.2(b)(1)(ii)(A) (requiring an employer to "[p]hysically examine the documentation presented by the individual establishing identity and employment authorization . . . and ensure that the documents presented appear to be genuine and to relate to the individual"). Nowhere in Plaintiff's complaint are social security numbers implicated in his claims. Similarly, they are not related to Defendants' answers or affirmative defenses. (Docket no. 6). For these reasons, the Court will deny Plaintiff's motion to compel with respect to the Social Security numbers and Defendants will be ordered to produce all responsive documents with Social Security numbers redacted.

Plaintiff argues that in response to Interrogatories asking for the nationality/legal status of the employees, Defendants have listed all Latino employees as Hispanic, which refers to race and not nationality[4]. The answer "Latino" or "Hispanic" is not responsive to an inquiry for "nationality" and Defendants will be ordered to answer the Interrogatories in full and provide the nationality for each employee or state that it is unknown, if Defendants do not have the information.

Finally, the Court finds that the information requested in Interrogatory No. 12 and Request To Produce No. 14 regarding termination is relevant to Plaintiff's claims that she was given a pretextual reason for her termination. Fed. R. Civ. P. 26(b)(1). The Court further finds that in this instance this information merits protection from distribution not related to this action. The parties' counsel stated that they were working on a stipulated protective order[5]. The Court will therefore

---

[4] "Nationality" is defined as "[t]he relationship between a citizen of a nation and the nation itself; . . . membership in a nation." BLACK'S LAW DICTIONARY 1046 (7th ed. 1999).

[5] There was disagreement between counsel at the hearing as to whether Plaintiff's counsel had provided his comments and/or agreement to Defendants' proposed protective order, which is the subject of Defendants' Ex Parte Motion For Leave To File Supplemental Response Brief In Opposition To Plaintiff's Motion To Compel Answers To Interrogatories And Production Of Documents (docket no. 58) filed after the hearing. The Court finds that this issue is not relevant to resolution of the Motion to Compel.

order the parties to file with the Court their signed stipulated protective order and Defendants will produce all responsive termination information pursuant to the protective order.

The Court will deny Plaintiff's request for attorneys fees and costs pursuant to Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii) where Defendants' nondisclosure, responses and objections were not without substantial justification.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Answers To Interrogatories and Production Of Documents (docket no. 46) is **GRANTED** in part and Defendants will produce within 14 days of entry of this order, except as set forth below with respect to employee termination information, full answers and responsive documents to Interrogatory Nos. 9, 11 and 12 and Requests To Produce Nos. 9, 13 and 14 for the time period from 2005 through July 2009, limited to all non-management employees at the Detroit Robin location on Ford Road in Dearborn, Michigan, with only social security numbers redacted. Defendants will produce and label the responsive documents and answer the Interrogatories separately and fully by subpart in accordance with Fed. R. Civ. P. 33(b)(3), 33(d)(1) if applicable and 34(b)(2)(B).  To the extent that Defendants have already produced the responsive information, Defendants will so state and specifically identify the responsive information by bates number(s) to each Interrogatory sub-part and/or Request To Produce.

**IT IS FURTHER ORDERED** that the parties will file with the Court a stipulated protective order within seven days of entry of this order.  Defendants will produce, pursuant to the protective order and within 7 days of the Court's entry of the protective order, the complete answer to Interrogatory 12(d) and responsive documents regarding the reason for termination as set forth in

Request To Produce 14, within the limitations of scope of time, non-management employees and restaurant location set forth herein, within

**IT IS FURTHER ORDERED** that Plaintiff's request for attorneys fees and costs is denied for the reasons set forth herein.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: October 22, 2009          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 20, 2009          s/ Lisa C. Bartlett
                                 Case Manager